IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PABLO HERNANDEZ,

    Petitioner,

v.                                                                       Civ. No. 15-cv-576 KG/GBW

PHILLIP GREER, *Chief*, and
HECTOR BALDERAS,
*Attorney General of the State of New Mexico*,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (*doc. 1*), the Amended Petition (*doc. 5*) and Respondents' Answer and accompanying motion to dismiss (*doc. 8*). Having thoroughly reviewed the pleadings and the record before the Court, I find Petitioner fails to state a claim, and recommend dismissing the petition without prejudice.

Because Mr. Hernandez is a *pro se* litigant, the Court is required to construe his amended petition liberally. Still, "this rule of liberal construction stops . . . at the point at which [the Court] begins to serve as [Mr. Hernandez's] advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Moreover, Mr. Hernandez's *pro se* status does not excuse him from compliance with federal and local rules; to the contrary, the Tenth Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Glaser v. City and County of Denver, Colo.*, 557 Fed. App'x

689, 696 (10th Cir. 2014) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts instructs that the petition must, among other things, "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[.]" *Rules Governing § 2254 Cases*, Rule 2(c)(1), (2). In addition to not being on the standard form or substantially following it, Mr. Hernandez's original petition "[did] not 'state the facts supporting each ground' for relief as required by rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Court." Doc. 4 at 1-2. Consequently, Mr. Hernandez was ordered to file an amended petition in compliance with the rules. *Id.* at 2. On July 22, 2015, Mr. Hernandez filed an amended petition. While it substantially followed the standard form, it failed the more important requirement that he specify the grounds for relief and the facts supporting each ground.

Having reviewed the Amended Petition, the undersigned can discern no ground for habeas relief, let alone the facts supporting it. *See generally doc. 5*. Instead, the Amended Petition primarily focuses on his failure to appeal his state sentence and alludes to why it should nonetheless not be dismissed for failure to exhaust. *See doc. 5* at 2 ("an emergency writ is warranted because following through with the 'not hasty' structured remedies of administrative relief at the state level would not be realistically feasible from across the Frontera in Mexico;" "petitioner did not appeal from the

2

decision … nor has he appealed from the plea bargain that seeks to deport the petitioner because petitioner believes that such process will be ineffective to protect the petitioner"). Considering the Amended Petition along with the original Petition, the undersigned discerns only one complaint – that petitioner believes he will be deported which would be illegal because he is lawfully present. *See generally doc. 1*; *see also doc. 5* at 4 ("petitioner became a legal resident;" "petitioner has documentary evidence confirming citizenship"). However, as the Court has already advised Mr. Hernandez,

> a petition under § 2254 only is available to challenge the validity of a petitioner's state conviction and sentence. *See* 28 U.S.C. § 2254(a). To the extent that Petitioner may seek to challenge an administrative order of removal, deportation, or exclusion, a petition for review with the court of appeals is "the sole and exclusive means of review" under the Real ID Act, 8 U.S.C. § 2252(a)(5); *see Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (noting that "the Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal").

*Doc. 4* at 2.

Even after the filing of the Amended Complaint, Respondents argued that they could not discern a claim for habeas relief. *See doc. 8*. In an attempt to give Mr. Hernandez one final chance to explain his claim, the Court ordered him to respond to Respondents' argument. *See doc. 9*. Despite being advised that the "[f]ailure to file a response may lead to dismissal or other sanctions," Mr. Hernandez filed no response. *See id.* at 1.

The undersigned can discern no claim for habeas relief in the original Petition or the Amended Petition. As such, the case is subject to dismissal. *See Edwards v.*

3

*Oklahoma*, 327 Fed. App'x 75, 76 (10th Cir. 2009) (district court properly dismissed pro se 28 U.S.C. § 2254 petition that included incomprehensible claims notwithstanding court's directive that petitioner cure deficiencies).

As set forth above, I recommend finding that Mr. Hernandez fails to present a claim for habeas relief pursuant to 28 U.S.C. § 2254, and that the Court dismiss the Petition and Amended Petition without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**